**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID LABON BUSH,

        Petitioner – Appellant,

v.

EDDIE WILSON, Wyoming Department
of Corrections State Penitentiary Warden;
GREGORY A. PHILLIPS, Wyoming
Attorney General,

        Respondents – Appellees.

No. 11-8039
(D.C. No. 2:10-CV-00080-ABJ )
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

David Labon Bush, a state prisoner, wants to appeal from the denial of his 28

U.S.C. § 2254 habeas petition. During the trial for murdering his wife, he sought to

present evidence of a third-party suspect. Because he was not permitted to do so, his

petition alleges a violation of his due process rights. The district court concluded he did

not make "a substantial showing of the denial of a constitutional right," 28 U.S.C. §

2253(c)(2). We deny his request for a Certificate of Appealability (COA).

Bush's wife, Lynn, disappeared on December 8, 1990. Her truck was discovered

in a grocery store parking lot with a large amount of blood matching hers on the

passenger side. Her body was never found. In July 2006, David Bush was arrested and charged with first-degree murder. Prior to trial and after a hearing, the trial court granted the state's motion to exclude evidence of a third-party suspect, Bush's brother Glendol, who was an escapee from a Wyoming correctional facility at the time of Lynn's disappearance. It determined the evidence of Glendol's involvement was remote and speculative and otherwise inadmissible as hearsay. While it permitted Bush to request reconsideration of its ruling as the trial proceeded, he did not. The jury convicted Bush of second degree murder. His motion for a new trial was denied. He was sentenced to 45 years to life imprisonment.

The Wyoming Supreme Court affirmed. *Bush v. State*, 193 P.3d 203 (Wyo. 2008). After the United States Supreme Court denied Bush's petition for a writ of certiorari, he filed a § 2254 habeas petition. In it he claimed the Wyoming Supreme Court's approval of the exclusion of alternative suspect evidence was contrary to or an unreasonable application of the holdings announced in *Chambers* v. *Mississippi,* 410 U.S. 284 (1973), *Crane* v. *Kentucky,* 476 U.S. 683, 690 (1986) and *Holmes* v. *South Carolina,* 547 U.S. 319 (2006).

The district court, concluding the Wyoming Supreme Court appropriately applied Supreme Court precedent, granted the state's motion for summary judgment. It later denied Bush's request for a COA but allowed him to proceed on appeal without prepayment of fees. Bush submitted another COA request to this Court. Fed. Rule App. P. Rule 22(b)(2).

A COA is a jurisdictional prerequisite to our review of a petition for a writ of

habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue one "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether an applicant has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338.

A state prisoner seeking a writ of habeas corpus under § 2254 "must show that the state court's ruling on the claim being presented was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrison v. Richter*, 131 S. Ct. 770, 786-87 (2011); *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011).

In cogent orders the district court thoroughly addressed and resolved the issues raised by Bush. It concluded:

> This Court finds that the Wyoming Supreme Court did not act contrary to the "clearly established law." Rather, it did just what *Holmes* requires - exclude evidence that has only a weak logical connection to the central issue . . . . [T]he evidence against Glendol Bush was remote, speculative and did not "sufficiently connect" him to the crime. In other words, the Court finds that the proposed evidence did not establish any link, whether it be a direct nexus or a substantial connection, between the alternate suspects and the crime. Hence, the Wyoming Supreme Court's application was not unreasonable nor contrary to clearly established law.

(R. at 337.)

As no jurist could reasonably debate the correctness of the district court's decision, we DENY the request for a COA and DISMISS this matter.

**Entered by the Court:**

Terrence L. O'Brien
United States Circuit Judge